UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROBERT WAGNER,

                Plaintiff,

-against-

SEAN DUFFY, in his official capacity as Secretary of Transportation; UNITED STATES DEPARTMENT OF TRANSPORTATION; BRYAN BEDFORD, in his official capacity as Administrator of the Federal Aviation Administration; and FEDERAL AVIATION ADMINISTRATION,

                Defendants.

**COMPLAINT**

25 Civ.

**JURY TRIAL DEMANDED**

---

Plaintiff ROBERT WAGNER, by and through his attorneys, GLASS & HOGROGIAN LLP, as and for his Complaint against Sean Duffy, in his official capacity as Secretary of Transportation, Bryan Bedford, in his official capacity as Administrator of the Federal Aviation Administration, the United States Department of Transportation, and the Federal Aviation Administration (hereinafter collectively "Defendants"), respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking monetary damages and other redress available to him based upon Defendants' discriminatory failure to hire Plaintiff based solely upon Plaintiff having formerly suffered from drug addiction, a qualified disability pursuant to 29 U.S.C. § 791(f) and U.S.C. § 705(20)(C)(ii)(I).

1

2. As a result of Defendants' intentional and outright discrimination against Plaintiff based upon his history of addiction and substance abuse, from which he has since made a complete recovery, Plaintiff has been summarily and routinely denied the opportunity to be appointed and employed by Defendants as an Air Traffic Controller (hereinafter "ATC") with the Federal Aviation Administration ("FAA").

3. Moreover, Defendants' decision to disqualify Plaintiff based purely on his history of addiction disregards Plaintiff's demonstrated recovery from addiction and professional credentials that make him highly qualified for those positions for which he applied but has been discriminatorily denied.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 because the action arises under federal statute, 29 U.S.C. § 791 *et seq.*, known as the Rehabilitation Act.

5. This action's venue properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because Defendants regularly conduct and transact business within the Court's jurisdiction and a substantial part of the events or omissions giving rise to the instant action occurred here.

6. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff, Robert Wagner, is a resident of Queens County in the state of New York.

8. In addition to previously working for Defendants as an ATC out of the New York Air Route Traffic Control Center (ZNY), located in Ronkonkoma, New York, Plaintiff applied to numerous job postings via USA jobs, the federal government's official job posting website, from Queens, New York, where said website is accessible.

9. Defendant Sean Duffy acts as the Secretary of Transportation, and thus is in charge of the Department of Transportation, of which the Federal Aviation Administration is a part. He is named in his official capacity pursuant to relevant authority necessitating that he be named as the Defendant in this action.

10. Defendant Bryan Bedford acts as the Administrator of the Federal Aviation Administration. He is named in his official capacity pursuant to relevant authority necessitating that he be named as the Defendant in this action.

11. Defendant United States Department of Transportation ("DOT") is a cabinet department of the federal government, with offices in Washington, D.C.

12. Defendant Federal Aviation Administration is an agency within the DOT, with offices in Washington, D.C.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Mr. Wagner initiated the informal EEO Pre-Complaint Process on or about November 22, 2024, when he electronically filed a complaint through the online portal.

14. On or about Friday, January 10, 2025, Mr. Wagner attended a counseling session with the EEO specialist assigned to his case.

15. The matter was not resolved via informal EEO process, and on January 23, 2025, Mr. Wagner received a Notice of Right to File. This allowed him to file a formal complaint.

16. After receipt of this Notice of Right to File, Mr. Wagner then filed his formal complaint of discrimination on January 23, 2025.

17. On January 24, 2025, Mr. Wagner received a letter via email from the DOT acknowledging receipt of his formal complaint of discrimination filed on January 23, 2025.

18. Following the formal investigation, on June 3, 2025, Mr. Wagner elected to have a Final Agency Decision rendered in the matter. He made his election by completing and submitting a "Final Agency Decision Request Form" on June 3, 2025.

19. The next day, June 4, 2025, the DOT acknowledged receipt of this Request for a Final Agency Determination.

20. To date, no Final Agency Determination has been issued.

21. More than 180 days have passed since Mr. Wagner's filing of his formal complaint of discrimination, thus entitling him to proceed to federal court.

## STATEMENT OF FACTS

*Background Information*

22. Mr. Wagner was formerly employed by the FAA as an Air Traffic Controller from November 30, 2011, to July 19, 2019.

23. Unfortunately, around this same time, Mr. Wagner suffered from substance abuse and addiction, which resulted in his separation from the FAA, after which Mr. Wagner sought professional medical help to successfully treat his condition.

24. On or about January 24, 2021, Mr. Wagner enrolled in a rehabilitation program at Tranquil Shores Addiction Treatment Center and was discharged from said program on June 17, 2021, after having successfully recovered from his addiction and abuse issues.

25. Following Mr. Wagner's successful rehabilitation efforts –as evidenced by his sobriety continuing to this day– Mr. Wagner gained employment with the New York City Ferry Service as a United States Coast Guard 100-Ton Master's Licensed Captain. In this position, Mr. Wagner operates a ferry boat in the New York Harbor and its adjacent waters. He presently works in this position.

26. While employed with the Ferry Service, Mr. Wagner began the process of regaining employment with the FAA.

27. On or about October 16, 2023, Mr. Wagner took the Air Traffic Skills Assessment Test ("the Test") to apply for ATC positions with the FAA. Upon inquiring with the FAA on or about December 2, 2023, as to his performance on said exam, on December 4, 2023, he was informed by an employee of the FAA that his score placed him in the "Well Qualified" category, "the highest referral category…"

28. Considering Mr. Wagner's test score, in addition to his prior job experience as an ATC with the FAA, upon information and belief, for each ATC position for which he applied, Mr. Wagner was one of the most qualified candidates applying for each of the ATC postings in which he submitted his application.

29. Yet, despite Mr. Wagner's test performance, professional qualifications, and his demonstrated fitness, of the numerous positions he has applied for with the FAA, Mr. Wagner has either failed to be referred to the applicant list (the "List") or has not been appointed to a position with the FAA from the Lists he was referred to.

30. Moreover, Mr. Wagner is aware of some other individuals who have been referred to the list and have subsequently been appointed to the same positions Mr. Wagner applied for,

despite, upon information and belief, not scoring as well as Mr. Wagner himself did on the Test.

31. This, combined with Mr. Wagner's nearly 8 years of experience with the FAA, previously serving as an ATC from November 30, 2011, to July 19, 2019, made it clear to Mr. Wagner that he was being discriminated against based on his history of drug addiction and abuse, which he has successfully and completely recovered from.

*The FAA's Disregard of Plaintiff's Inquiries*

32. Mr. Wagner, suspecting the FAA was denying him the opportunity for employment based purely upon his history of having a disability rather than fairly considering his qualifications and fitness for the positions he applied for, made multiple attempts to inquire with the FAA as to why he had not been referred to some of the Lists for appointment and/or why he had not been appointed to an employed position from the Lists he was referred to.

33. Specifically, Mr. Wagner inquired with the FAA on August 17, 2024, and again on October 17, 2024.

34. No substantive information was provided to Mr. Wagner, however. Instead, he was redirected from one division of the FAA to another without any definitive answer ever being provided to him.

35. As such, on or about November 22, 2024, Mr. Wagner initiated the informal complaint/ADR process alleging disability discrimination.

36. Like Mr. Wagner's informal inquiries, the informal complaint/ADR process yielded no information or justification from the FAA as to the reason(s) for Mr. Wagner's non-

referrals/non-appointments, and, upon information and belief, the FAA also declined to participate in mediation available through the informal complaint procedure.

37. Given this, on or about January 23, 2025, following the closure of the informal complaint process, Mr. Wagner timely filed a formal complaint of discrimination.

*The Formal Complaint Process*

38. As mentioned above, on January 23, 2025, Mr. Wagner filed his formal complaint with the Department of Transportation alleging disability discrimination.

39. Despite Mr. Wagner's contention that all of the instances when the FAA failed to hire him to the position(s) which he applied were discriminatory in nature and based upon his former disability, on or about February 12, 2025, Mr. Wagner received a correspondence from Mark Prince, Branch Chief of the Complaints Management Branch of the EEO Complaints and Investigations Division, that only the inquiries for which the FAA failed to respond as well as Mr. Wagner's non-selection on or about October 17, 2024, were accepted for investigation.

40. Notwithstanding Mr. Wagner's timely appeal to the DOT contesting all of the claims should have been accepted for investigation, the formal complaint process/investigation commenced as to those claims originally accepted for investigation.[1]

41. Throughout the formal complaint investigation that ensued, it became clear that the FAA did discriminate against Mr. Wagner by taking the position that because Mr. Wagner failed

---

[1] While the formal investigation proceeds specifically with respect to Mr. Wagner's failure to be hired as an ATC as to his October 17, 2024, application, Mr. Wagner has been routinely denied appointment to various positions with the FAA.

a drug test while previously employed with the FAA, he had engaged in misconduct sufficient to bar any future employment with the FAA.

42. Not only does this justification fly in the face of the Rehabilitation Act by effectively classifying someone's prior disability as "misconduct," sufficient to bar future employment even after an individual, such as Mr. Wagner, can demonstrate complete recovery, but this justification itself appears to be pretextual in light of the numerous inconsistencies provided for in the FAA's submissions during the investigation of Mr. Wagner's formal complaint.

43. For example, there were inconsistent accounts provided by the FAA's Hiring Manager regarding their familiarity with Mr. Wagner's disability and past addiction issues whereby in some instances the FAA Hiring Manager acknowledged Mr. Wagner was "put in a treatment rehabilitation program for drug addiction," but on other occasions, this same Hiring Manager in his sworn statement contended he was "not aware of Mr. Wagner having any kind of health condition," "did not have any information about [Mr. Wagner's] health…", and "was not aware of [Mr. Wagner's] medical condition."

44. Another questionable instance discovered throughout the formal investigatory process occurred when the Hiring Manager stated that "[he] provide[d] the reason for each selection/non-selection to the Aviation Careers Human Resources Office"; however, the only Supervisory Human Resources Specialist who was interviewed as part of the formal investigation outright contradicted the Hiring Manager's statement by affirming that she "did not receive any correspondence regarding Mr. Wagner's non-selection."

45. Taken together, this information, along with the inconsistent justifications provided by the FAA during the investigatory process, makes it clear that Mr. Wagner's disability and history of drug addiction was squarely at issue in the FAA's decision not to hire him.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Discrimination in Violation of the Rehabilitation Act, 29 U.S.C. § 791 *et seq*.)**

46. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

47. 29 U.S.C. § 791 *et seq*. prohibits disability discrimination in federal employment.

48. Plaintiff qualifies as an individual with a qualified disability pursuant to 29 U.S.C. § 791(f).

49. Defendant Sean Duffy is the Secretary of Transportation, in charge of the Department of Transportation, which is a federal agency and employer, and thus subject to the provisions of 29 U.S.C. § 791 *et seq*.

50. Defendant Bryan Bedford is the Administrator of the FAA, which is a federal agency and employer, and thus subject to the provisions of 29 U.S.C. § 791 *et seq*.

51. Notwithstanding Plaintiff's full recovery and demonstrated fitness for the numerous ATC positions for which he has applied, the FAA has acted in a discriminatory fashion by failing to hire Mr. Wagner.

52. Such practice by the FAA constitutes unlawful discrimination on the basis of Mr. Wagner's disability and thus violates the relevant provisions of 29 U.S. Code § 791 *et seq*., and its prohibitions against such.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all of the triable issues in this complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

a. Injunctive relief ordering the reconsideration of Plaintiff's application for employment as an ATC with the FAA.

b. Compensation for Defendants' failure to hire Plaintiff, which includes, but is not limited to, back pay and front pay.

c. Attorney's fees and costs for the action; and

d. Such other and further relief as the Court deems just and proper.


Dated: July 23, 2025
      New York, New York

           GLASS & HOGROGIAN LLP
           Attorneys for Plaintiff
           85 Broad Street, 17th Floor
           New York, New York 10004
           (212) 537-6859

           By:  *s/ Michael Donnelly*
                   Michael T. Donnelly, Esq.